IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No. CR-F-98-5022 OWW |
| | ) | |
| | ) | **MEMORANDUM DECISION AND** |
| | ) | **ORDER DENYING PETITIONER** |
| **Plaintiff/** | ) | **WILSON THOMAS'S MOTION FOR** |
| **Respondent,** | ) | **REDUCTION OF SENTENCE** |
| | ) | **PURSUANT TO 18 U.S.C. §** |
| vs. | ) | **3582(c)(2)** |
| | ) | |
| | ) | |
| **WILSON THOMAS,** | ) | |
| | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Petitioner.** | ) | |
| | ) | |
| _____ | ) | |

On November 16, 2009, Petitioner Wilson Thomas, proceeding *in pro per*, filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] Petitioner contends that he is entitled to a reduction in his sentence pursuant to Amendment 706 to the United States Sentencing Guidelines.

---

[1] On March 24, 2008, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's reduction in the base offense level for offenses involving crack cocaine. Petitioner withdrew this motion on August 21, 2008.

Petitioner pleaded guilty to conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base (Count One) and to carrying a firearm in relation to a drug trafficking offense (Count Seven).  Petitioner was sentenced to a term of 120 months imprisonment on Count One and a mandatory consecutive sentence of 60 months imprisonment on Count Seven.

"As a general matter, courts may not alter a term of imprisonment once it has been imposed."  *United States v. Hicks,*, 472 F.3d 1167, 1169 (9th Cir.2007).  However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has been subsequently lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines in response to the 100-to-1 disparity in sentencing between offenses involving powder cocaine and crack cocaine. *See Kimbrough v. United States*, 552 U.S. 85 (2007).  Amendment 706, which became effective on November 1, 2007 and was made retroactive by Amendment 713, reduces this disparity by adjusting downward by two points the base offense levels assigned to various quantities of crack cocaine in the Drug Quantity Table in U.S.S.G. § 2D1.1. According to the relevant U.S.S.G. policy statement, "a reduction ... is not authorized under 18 U.S.C. § 3582(c)(2) [if the] amendment ... is applicable to the defendant but the amendment

2

does not have the effect of lowering the defendant's applicable guideline range because of the operation of ... a statutory mandatory minimum term of imprisonment[]." U.S.S.G. § 1B1.10, cmt. n.1(A).

Petitioner was sentenced to the mandatory minimum sentence of ten years on Count One pursuant to 21 U.S.C. § 841(a)(1)(A). As ruled in *United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir.2009):

> Paulk is not entitled to a reduction because his sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841. This mandatory minimum 'was not affected by the change in the [drug] equivalency tables.'

Because Petitioner's sentence on Count One was not based on a sentencing range that was subsequently lowered by the Sentencing Commission, Petitioner is not entitled to reduction of his sentence pursuant to Section 3582(c)(2).

Petitioner's contention that the Court has discretion to reduce his sentence pursuant *Kimbrough*, *supra*, and *United States v. Knox,* 573 F.3d 441 (7th Cir.2009), is without merit. *Kimbrough* and *Knox* involved direct review of a criminal sentence that was not yet final, not a motion for reduction of sentence pursuant to Section 3582(c)(2) after a sentence had become final. *See United States v. Tabb*, 2009 WL 3352321 (S.D.Ill., Oct. 16, 2009).

Petitioner asserts that, "[b]ecause § 846 is not included in

3

the § 994(h) mandate, § 994(h) does not limit a district court's discretion under <u>Kimbrough</u> to consider the crack/powder disparity affecting a career offender convicted under § 846, like the defendant."

28 U.S.C. § 994(h) mandates that the Sentencing Commission assure that certain "career" offenders, as defined in the statute, receive a sentence of imprisonment "at or near the maximum term authorized."  U.S.S.G. § 4B1.1 implements this mandate.

Petitioner's contention is without merit.  Petitioner was not sentenced as a "career offender" as that term is defined in Section 994(h)(1).  Further, as ruled above, the Court does not have discretion to reduce Petitioner's sentence under Section 3582(c)(2) because he was sentenced to the statutory mandatory minimum enhanced by a statutorily mandated consecutive 60 month term for use of the firearm.

For the reasons stated, Petitioner Wilson Thomas's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

IT IS SO ORDERED.

Dated:  **December 3, 2009**                     **/s/ Oliver W. Wanger**
                                                 UNITED STATES DISTRICT JUDGE